CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 17 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| FRANKLIN J. ARETZ, | ) | |
| | ) | Civil Action No. 5:04CV00081 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | By:   Honorable Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social

Security denying plaintiff's claim for a period of disability and disability insurance benefits under

the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is

pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument

submitted by the parties, the issues now before the court are whether the Commissioner's final

decision is supported by substantial evidence, or whether there is "good cause" as to necessitate

remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Franklin J. Aretz, was born on May 21, 1945 and eventually completed his high

school education. The record indicates that Mr. Aretz is dyslexic. (TR 192). Plaintiff has worked

as a custodian, trade specialist, and steel loader. He last worked on a regular basis in 2002. On

March 12, 2003, Mr. Aretz filed an application for a period of disability and disability insurance

benefits. Plaintiff alleged that he became disabled for all forms of substantial gainful employment

on September 17, 2002 due to fibromyalgia, chronic fatigue, depression, and anxiety. Plaintiff now

maintains that he has remained disabled to the present time. The record reveals that Mr. Aretz met

the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, generally, 42 U.S.C. §§ 414 and 423.

Plaintiff's claim was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated July 14, 2004, the Law Judge also ruled that Mr. Aretz is not disabled. The Law Judge found that plaintiff suffers from complaints of depression and fibromyalgia. Despite these problems, the Law Judge ruled that Mr. Aretz does not experience a "severe" impairment within the meaning of 20 C.F.R. § 404.1521. Accordingly, the Law Judge ultimately concluded that Mr. Aretz is not disabled and that he is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(c). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Aretz has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. Under 20 C.F.R. § 404.1520(c),

2

a "severe impairment" is characterized as one which significantly limits the physical or mental ability to do basic work activities. Under 20 C.F.R. § 404.1521(b), basic work activities are characterized as follows:

> When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

The United States Court of Appeals for the Fourth Circuit has ruled that an impairment may be found to be "not severe" only if it has such a minimal effect on the individual that it would not be expected to interfere with the ability to work, irrespective of age, education, or work experience. Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984).

In the instant case, it is abundantly clear that, at a minimum, Mr. Aretz suffers from a "severe" impairment. Plaintiff has a history of musculoskeletal discomfort, especially in the cervical spine and upper extremeties, as well as depression and anxiety. His treating physician considers him to be completely and permanently disabled. (TR 104). On the other hand, objective studies and clinical findings have not proven overly remarkable, leading some medical care providers to suggest diagnoses of fibromyalgia or chronic fatigue syndrome. A board certified rheumatologist has indicated that plaintiff's fibromyalgia is totally disabling in impact. (TR 145). Mr. Aretz suffers from depression, which appears to be mild to moderate in severity.

3

The remarkable circumstance in this case is that a state agency physician found that plaintiff's physical conditions result in definite exertional limitations. After reviewing all of the medical evidence of record, Dr. M. Morjaria submitted a report indicating that Mr. Aretz can lift no more than 50 pounds occasionally and no more than 25 pounds frequently. (TR 156). Even if these findings are fully credited over those of the examining and treating health care professionals, the state agency's assessment indicates that plaintiff's physical difficulties limit him to light or moderate levels of exertion. See 20 C.F.R. § 404.1567. If plaintiff is limited in lifting, it is obvious that his impairment could be expected to interfere with his ability to work, especially in the performance of such prior work roles as a steel handler and custodian. More importantly, it must again be noted that the physicians who have actually examined Mr. Aretz believe that he suffers from much more significant and profound physical limitations. Such evidence is entitled to greater weight. See 20 C.F.R. § 404.1527(d). The court concludes that Mr. Aretz has met the burden of proof in establishing that he suffers from at least a "severe" impairment within the meaning of 20 C.F.R. § 404.1520(c).

In summary, the court concludes that the Commissioner's final decision is not supported by substantial evidence. The court finds that plaintiff has met the burden of proof in establishing that he suffers from at least a "severe" impairment as contemplated under 20 C.F.R. § 404.1520(c). The court concludes that the Administrative Law Judge erred in terminating the sequential disability analysis in this case at the third step. The court finds "good cause" for remand of the case to the Commissioner for an assessment of plaintiff's entitlement to a period of disability and disability insurance benefits under the remaining steps of the sequential disability analysis. See 20 C.F.R. § 404.1520.

4

For the reasons stated, the court has found "good cause" for remand of this case to the Commissioner for further consideration and development as to the matters specified above. If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument. An appropriate order of remand will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This ___17th___ day of May, 2005.

_____
United States District Judge

5